IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN R. JEFFRIES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-7251 |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | : : : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 10th day of January, 2017, after considering the plaintiff's brief and statement of issues in support of request for review (Doc. No. 11), the defendant's response thereto (Doc. No. 16), United States Magistrate Judge Elizabeth T. Hey's report and recommendation (Doc. No. 19), and the plaintiff's timely objections to the report and recommendation (Doc. No. 20); accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

2. The plaintiff's objections to the report and recommendation (Doc. No. 14) are **OVERRULED**;[1]

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

The plaintiff objects to Judge Hey's finding that substantial evidence supported the ALJ's step four determination that the plaintiff has the residual functional capacity to do her past relevant work. Specifically, the plaintiff contends that the ALJ mischaracterized her past position as a project manager, rather than as a composite job. The court reviews this conclusion *de novo*.

Even if "the ALJ could have reasonably made a different finding," the court must only determine "whether the ALJ's actual findings are supported by substantial record evidence." *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986). In characterizing the plaintiff's past work, the ALJ relied on the plaintiff's own testimony about her prior job duties, a vocational expert's opinion that was also based on the plaintiff's own testimony and detailed job descriptions she provided at a supplemental hearing, and the Dictionary of Occupational Titles. Social Security Regulation ("S.S.R.") 82-62 lists three categories of evidence from which the ALJ must draw in determining a

      3.      The Honorable Elizabeth T. Hey's report and recommendation (Doc. No. 19) is **APPROVED** and **ADOPTED**;

      4.      The plaintiff's request for review (Doc. No. 11) is **DENIED**; and

      5.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

claimant's ability to do past relevant work: the individual's statements, medical evidence, and corroborative information such as the Dictionary of Occupational Titles. Thus, while the ALJ afforded little weight to the plaintiff's own vocational expert's contrary classification of the plaintiff's past work as a composite job, the ALJ provided valid reasons for doing so and her characterization was supported by substantial evidence drawn from the categories listed in S.S.R. 82-62.

    The plaintiff also discusses the fact that the ALJ failed to properly characterize the work she actually performed at her past job as light work based on the amount of time she spent driving and "moving around." Even if the ALJ had characterized her prior work as light work as performed, such a finding would not have changed the conclusion that the plaintiff was not disabled through the date last insured. As Judge Hey explained, the ALJ must determine whether the plaintiff can perform past relevant work "either as actually performed *or as generally performed in the national economy*." 20 C.F.R. § 404.1560(b)(2) (emphasis added). Since the ALJ characterized the plaintiff's past work as that of a project manager, and that work is generally performed in the national economy at a sedentary level, substantial evidence in the record demonstrated that the plaintiff has the residual functional capacity to perform her prior work regardless of whether she was actually performing light or sedentary work in her last position. *See* Report & Recommendation at 26, Doc. No. 19.